### BEIERLA et v. HOCKENEDEL

Ohio Appeals, 6th Dist., Lucas Co.

No. 1837. Decided March 14, 1927

891. PARTNERSHIP—Joint Enterprise— Where negligence is alleged as against a partnership, the persons engaged in a partnership are engaged in a joint enterprise; and a finding that they were partners would necessarily embrace a finding that they were engaged in a joint enterprise.

923. PLEADINGS—It is the duty of the court, by virtue of 11364 GC., to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties.

**First Publication of this Opinion**

RICHARDS, J.

Ida Hockenedel instituted an action in the Lucas Common Pleas against seven defendants alleged to be doing business in the trans-

portation of passengers as a co-partnership under the name of the Toledo Motor Bus Co. The trial court took the case from the jury as to three of the defendants and the jury returned a verdict in favor of the plaintiff against the remaining four defendants for $4,250, and judgment was rendered on the verdict.

It seems that Mrs. Hockenedel was a passenger on a bus which was so crowded that she was compelled to stand and to hold on to the driver's seat. The door of the bus was left open by the driver and in the jarring and jolting of the bus while crossing street car tracks, Mrs. Hockenedel fell backward through the open door to the pavement and was seriously injured.

Defendant's claimed that she did not have hold of anything to steady herself; that her own contributory negligence resulted directly in her injury; and that the open door was in no sense, the proximate cause of the injury. The Court of Appeals held:

1. A city ordinance, set forth in the petition and proved, requires doors on busses shall be kept closed while the bus is in motion; and a violation of this ordinance would be negligence per se. The jury would be justified in finding that one of the direct and prorimate causes of the injuries sustained by plaintiff was the open door, as obviously, a mere jolt would not have caused the injuries, had it not been for the fact that door of the bus was left open.

2. The allegation that the defendants were partners was denied by the answer. The evidence discloses that the defendants were issued a certificate by the Public Utilities Commission; that they had a working route, that passengers deposited their fares in fare boxes to which there was one key, and which were opened daily and the proceeds divided among the defendants according to number of hours the bus of each was operated; and that each owner was to furnish his own gasoline, stand the expense of repairs and to employ and pay his own driver.

3. There can be no doubt but that from the testimony of defendants themselves, that they were engaged in a joint enterprise under a single certificate and authorization issued by the Utilities Commission.

4. The bus upon which Mrs. Hockenedel was riding belonged to Joseph Beierla, and in determining the liability of the other defendants, it is unimportant whether the relation existing between them was a partnership or a joint enterprise for in either event, the relation of agency existed among them and each would be responsible for the negligent act of the other in carrying on the undertaking.

5. While the petition alleges a partnership, that would embrace the lesser and more informal relation existing among those prosecuting a joint enterprise, since under 11334 GC. it is the duty of the court to disregard any error in the pleadings or proceedings which does not affect the substantial rights of the adverse party.

Judgment affirmed.

(Williams & Lloyd, JJ., concur.)

Attorneys—Miller, Brady & Yager and Chas. P. Carroll for Beierla et; Deeds & Cole for Hockenedel; all of Toledo.