guaranty, if the language used therein is explicit and free from ambiguity.

We are of the opinion that the judgment of the lower court was erroneous. Accordingly, the judgment of the municipal court is ordered reversed, and final judgment is entered here in favor of plaintiffs in error.

*Judgment reversed and judgment for plaintiffs in error.*

VICKERY, P. J., and SULLIVAN, J., concur.

FREDRICK *v.* THE CLEVELAND BUILDERS' SUPPLY & BRICK CO. ET AL.

(Decided October 28, 1929.)

*Mr. Charles T. Rich,* for plaintiff in error.

*Messrs. Dustin, McKeehan, Merrick, Arter & Stewart,* for defendant in error, Cleveland Builders' Supply & Brick Company.

*Messrs. Nicola & Horn,* for defendant in error Presti.

VICKERY, P. J. This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county, the purpose being to reverse judgments rendered in favor of the defendants in the court below.

From the record, we learn that the plaintiff in error, Tillie G. Fredrick, was plaintiff below, and brought her action against the two defendants, defendants in error in this court, to recover for personal injuries suffered while a passenger on one of the Cleveland Street Railway cars, which accident occurred at the corner of Union avenue and East Seventieth street in the city of Cleveland.

In the trial below, on motion, a verdict was directed in favor of the Cleveland Builders' Supply & Brick Company, to which ruling an exception was taken. The case against the other defendant, John Presti, was submitted to a jury, and, after consideration, the jury brought in a verdict for the defendant. A motion for a new trial was made by the plaintiff against each defendant, which motions were overruled, and judgment was entered upon the verdict, and it is to reverse that judgment that error is prosecuted here.

From the record, we learn that at the time of the happening of this accident the plaintiff was a passenger on a trailer of one of the street cars of the Cleveland Railway Company; that the train con-

sisted of a power car and a trailer; that it had been snowing, and the snow was piled up on the side of the street; that, at the point in question here, the train had come to a stop—whether for the purpose of taking on or letting off passengers does not appear in this record—and while it was standing, or just as it started forward, the defendant Presti, driving a truck with the name of the Cleveland Builders' Supply & Brick Company printed upon it, was passing, and the snow drifts on the side compelled him to go close to the side of the car; that, as he passed, the entrance doors of the car having been closed, he apparently got by the trailer up alongside the power car, when the street car started forward; that the ruts or slipperiness of the street were such that the overhang of the truck had got so close to the street car that when the car started forward the front end of the trailer, in which the plaintiff was riding, struck the hind end of the truck, derailing the street car and knocking the truck over against a post on the side of the street; and that therefrom the injuries to the plaintiff resulted.

Now there is not any question about the injury, nor much as to how the accident happened. It seems that the relations between the supply company and the owner of this truck were somewhat anomalous. The truck belonged to the driver, and he was hired apparently to give his time—the record shows *all* his time—to hauling for the supply company. He would get his load of supplies at the company's yards and take it where the company directed him to. His compensation for this service was thirty-five cents per ton for the first mile the material was hauled, and fifteen cents a ton for every mile after

the first mile. Presti owned the truck and took care of its upkeep. He bought the gasoline and oil used for the truck, and the relation apparently between him and the company was that he received so much for hauling, according to the distance that he hauled the loads. There is evidence in the record to show that he gave all his time to the company and had no right to take employment elsewhere.

The theory of the pleader of this lawsuit was not that the doctrine of *respondeat superior* applied, but that these parties were engaged in a joint enterprise; and, inasmuch as the evidence did not show any joint enterprise, apparently, the court of common pleas directed a verdict in favor of the supply company, and that is one of the errors alleged in this record.

We think that this record shows either one of two relations between the supply company and the driver of the truck: First, that the driver of the truck was an independent contractor and was responsible himself for whatever damage was done; or, second, that the doctrine of *respondeat superior* did apply, and he was the agent and employee of the supply company.

Now neither of those theories was the one upon which this case was tried, and we think—at least the writer of this opinion thinks—that that was an error in the planting of this lawsuit. There is evidence in this record, under the rulings of this court, which would make the driver of this truck the agent for the supply company, and, inasmuch as he was acting within the scope of his employment, that is, either going for a load or going back after having delivered a load, if he were guilty of any negligence

it would be the negligence of the company, and it alone would be responsible for it.

That theory was not advanced in this case, nor was the case tried upon that theory. Apparently the pleader conceived the idea that this case came within the rule in a case in the Lucas county Court of Appeals, to wit, *Beierla* v. *Hockenedel,* 25 Ohio App., 186, 157 N. E., 573, decided March 14, 1927, by the Court of Appeals of the Sixth District. An examination of that case will show that there the relationship was such that it practically constituted a partnership among the parties, and wherever a partnership is established the doctrine of agency or *respondeat superior* applies. Apparently each had authority to do what he was doing, and thus all of the parties jointly interested in the enterprise would likewise be responsible. The court in that case expressly laid down the doctrine that each was agent for the other, and, if we understand the law of partnership, the doctrine laid down in the case of *Harvey* v. *Childs and Potter,* 28 Ohio St., 319, 22 Am. Rep., 387, establishes this doctrine in Ohio, following the old doctrines laid down in *Cox* v. *Hickman,* 30 L. J., C. P., 125, 9 C. B. (N. S.), 47, decided by the House of Lords in 1860, overruling the earlier doctrine of *Waugh* v. *Carver,* 2 H. Bl., 235, and *Grace* v. *Smith,* 2 W. Bl., 998, which two cases held that sharing of the profits constituted a partnership.

Now the modern doctrine of partnership does not make the partnership result from a sharing of profits; so there might be a joint enterprise in the instant case without making any other than the party who participated in the wrong liable. In other words, the mere sharing of the profits does

not constitute a partnership, so that one would be the agent for the other. In this record, there is nothing in the relation of these parties in the joint venture which makes one the agent for the other, and we think that this record either shows that here the truck driver was an independent contractor, in which event the supply company, the party who hired him, would not be responsible, or that the company would be responsible on the doctrine of *respondeat superior,* in that the driver was acting for the company within the scope of his employment, and if he were negligent his negligence would be its negligence. But that theory of the case was not the theory upon which this lawsuit was predicated.

Now, as already stated, the question against the truck driver was submitted to a jury, and we have not heard any serious complaint made with the manner in which the case was tried, but only complaint that the verdict is contrary to the weight of the evidence. Of course, after the court had let the supply company out, the jury might well think that if the company was not responsible it would be too bad to hold the driver of the truck, and so also let him out.

Another thing in this record which is rather illuminating by the utter absence of any allegations in the petition bringing it into the record is the manner in which the street car had come to a stop. Now, if it was stopping to take on or let off passengers, under the ordinance of the city, it was the duty of the driver of an automobile, when he came up behind that street car, to stop and to remain stationary until the street car had started forward, and the evidence in this case shows that he did not do that. Of

course, it is possible, and perhaps it is the fact, that this car, when it was standing at the place where the accident occurred, had not stopped for the purpose of taking on or letting off passengers. In that event, it may have been permissible for an automobile to pass alongside of a standing car, but if the driver did so he must do it in such a manner and keep far enough from the street car that no injury would result by coming in contact with it. In other words, this road was narrowed up by reason of snow drifts and icy ridges in the street, and it was necessary to drive so close to the street car that the hind end of the truck and the overhang of the truck slid or skidded into the space between the two street cars, and, when the trailer started forward, it struck it.

Now it might have been negligence, if it had been properly pleaded, for the owner of that truck to have driven alongside of that street car so close that he came in contact with the street car, with the streets in the condition they were at that time. *That* does not seem to have been the theory of this lawsuit either. In any event, the case was submitted to the jury and it was a jury question under all the circumstances, and, the jury having found for the defendant, we cannot say that the finding was so manifestly against the weight of the evidence, the way the case was predicated, that we would be warranted in disturbing this verdict. Therefore, we are constrained, much against our will, to come to the conclusion that the court did not err in directing a verdict in favor of the supply company, and I have already alluded to the manner in which the case was predicated against it.

The case against the other defendant having been

submitted to the jury, and, the jury having found in his favor, we cannot say that the verdict was so manifestly against the weight of the evidence that we would be warranted in disturbing it.

On the whole record, while we feel that it seems rather strange that a passenger in a street car could be injured in the manner in which this passenger was without someone being responsible, for it was through the wrongful conduct or the negligence of someone, without any fault of hers, that the plaintiff was injured in this street car, yet we think there is not a particle of evidence to show that the street car company was responsible in any way, or negligent in any way, wherefore, taking the whole record together, we cannot do other than affirm the finding of the court below.

*Judgment affirmed.*

SULLIVAN and LEVINE, JJ., concur.